MATTHEW J. GAUGER, Bar No. 139785
EZEKIEL D. CARDER, Bar No. 206537
ANDREA MATSUOKA, Bar No. 289106
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
Telephone  (916) 443-6600
Fax  (916) 442-0244
E-Mail:  mgauger@unioncounsel.net
ecarder@unioncounsel.net
amatsuoka@unioncounsel.net

Attorneys for Plaintiff Workforce Defense League

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>CLAYCO, INC. AND UNITED CONTRACTORS SERVICES LLC,<br><br>Defendants. | No. 2:22-cv-00502-JAM-DB<br><br>**FIRST AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS**<br>(Sacramento Superior Court Case No. 34-2022-00314822)<br><br>Judge:   Hon. JOHN A. MENDEZ<br><br>Demand for Jury Trial |

## INTRODUCTION

This is an action brought by the Workforce Defense League ("WDL" or "Plaintiff") on its own behalf and on behalf of wage claimants against Clayco, Inc. d/b/a Clayco Construction Company Inc. ("Clayco, Inc.") and United Contractor Services LLC d/b/a United Framing Services ("United Contractor Services"), (collectively "Defendants"), alleging that Defendants failed to pay wages owed to carpenters on Defendants' Amazon Fulfillment Center SMF6 project located in Sacramento, California.  Plaintiff alleges that Defendants owe unpaid wages including overtime wages to Andy Castro, David De Aquino, Jorge Guerrero, Victor Ortiz, Jesus Pelayo, Leonardo Villalobos, Evodio Zayas, and similarly situated individuals ("Wage Claimants") in

violation of the California Labor Code and Industrial Welfare Commission Wage Order 16. Plaintiff, on behalf of Wage Claimants, seeks wages owed as defined by statute and attorneys' fees and costs of suit.

Wage Claimants and all other similarly situated individuals were formerly employed by Defendants as carpenters at Defendants' Amazon Fulfillment Center SMF6 project located at 4930 Albaugh Dr. in Sacramento, California ("Project"). During the statutory period, Defendants failed to compensate Wage Claimants for all hours worked, pay proper regular wages and overtime wages, and pay rest break premiums for missed rest breaks. As a result of these violations, Wage Claimants were injured in the form of lost compensation over the statutory period.

## I. JURY DEMAND

1. Plaintiff demands a jury trial.

## II. JURISDICTION

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) This action was removed to this Court by Defendants under 28 U.S.C. § 1444(a).

## III. VENUE

3. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that:

> Any civil action brought in a state court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the District and Division embracing the place where such action is pending.

4. Plaintiff originally brought this action in Sacramento Superior Court. Venue properly lies in the United States District Court for the Eastern District of California under 28 U.S.C. §§ 84(a), 1391(a), and 1441(a). Joint Notice of Removal of Civil Action under 28 U.S.C. §§ 1332, 1441, and 1446 [diversity jurisdiction], [Doc. 1].

## IV. PARTIES

4. Workforce Defense League is a labor management cooperation committee formed

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

2
FIRST AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00502-JAM-DB

pursuant to the Federal Labor Management Cooperation of 1978 ("LMCC"). (*See* 29 U.S.C. § 175(a).) WDL brings this action on behalf of Wage Claimants for unpaid wages owed to Wage Claimants pursuant to Labor Code section 218.7(a) and (b)(3).

5. Defendant Clayco, Inc. is a corporation doing business in California and is a person as defined in Labor Code section 18 and Business and Professions Code section 17201, and a direct contractor as defined in Labor Code section 218.7. Clayco, Inc. holds a Contractors State License Board "B" General Building Contractor license, License No. 714136.

6. Defendant United Contractor Services is a limited liability company doing business in California and is a person as defined in Labor Code section 18 and Business and Professions Code section 17201, and a subcontractor as defined in Labor Code section 218.7. United Contractor Services holds Contractors State License Board License No. 1027023, with "C-9" or Drywall and "C-5" or Framing and Rough Carpentry classifications.

7. Custom Drywall & Services, LLC ("Custom Drywall") is a limited liability company doing business in California and is a person as defined in Labor Code section 18 and Business and Professions Code section 17201. Custom Drywall is not registered as a business entity with the State of California and does not hold a Contractors State License Board License.

8. Venue is proper based on the events giving rise to this complaint occurring in the City of Sacramento within Sacramento, California.

9. The relief requested is within the jurisdiction of this Court.

## V.   FACTUAL ALLEGATIONS

10. The wages, hours and working conditions of individuals employed in the construction industries, including carpenters, are regulated by Industrial Welfare Commission Wage Order 16-2001, Cal. Code Regs., tit. 8, § 11160 ("Wage Order 16") and various provisions of the Labor Code.

11. Labor Code section 218.7 provides that a direct contractor, commonly known as a general contractor, is liable for wages owed by a subcontractor to wage claims "for the erection, construction, alteration, or repair of a building, structure, or other private work." (Lab. Code §

218.7(a)(1).) Section 218.7 is limited to "contracts entered into on or after January 1, 2018." (Lab. Code § 218.7(a)(1).) Section 218.7 provides a limited list of entities that can make a wage claim against the direct contractor and subcontractor on their own behalf without including wage claimants as plaintiffs, including "a joint-labor management cooperation committee established pursuant to the federal Labor Management Cooperation Act of 1978 (29 U.S.C. Sec. 175a)" ("LMCC"). (Lab. Code § 218.7(b)(3).)

12. Within four years prior to the filing of this action, under contracts executed after January 1, 2018, Defendants employed Wage Claimants in the erection, construction, alteration or repair of a building structure or other private work at and in connection with a construction project known as the Amazon Fulfillment Center SMF6 project located at 4930 Albaugh Dr. in Sacramento, California ("Project"). Clayco, Inc. is the general contractor on the Project and United Contractor Services is one of its subcontractors on the Project. Custom Drywall has a business relationship with United Contractor Services and purports to be subcontractor of United Contractor Services on the Project and therefore a second-tier subcontractor of Clayco, Inc.

13. Wage Claimants performed metal stud framing, drywall, and taping work on the Project. Wage Claimants worked directly for Custom Drywall. Wage Claimants worked approximately 10 hours per day Monday to Friday and 8 hours per day on Saturday. Some Wage Claimants also worked some Sundays. Defendants required Wage Claimants to provide their own tools, including screw guns, routers, bazookas, and pumps.

14. Wage Claimants were paid by personal checks from Custom Drywall's checking account. Most Wage Claimants were promised an hourly rate of pay, approximately ranging from $20 to $24 an hour. At least one Wage Claimant was promised piece rate pay but did not get paid by Defendants at all, for any work performed.

15. Defendants failed to pay Wage Claimants for all regular hours worked. In addition to the at least one Wage Claimant who was promised piece rate pay but did not get paid for any work, other Wage Claimants didn't get paid for their last week of work or had a pay period in which they were paid less than even their regular rate of pay multiplied by their regular hours

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

4
FIRST AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00502-JAM-DB

worked.

16. Defendants failed to pay Wage Claimants all overtime pay for overtime hours worked. Defendants typically paid Wage Claimants for some overtime work, but paid it at the incorrect rate and/or did not pay for all overtime hours worked. Defendants did not provide Wage Claimants with any paystubs or wage statements so it is unknown how Defendants determined the overtime payments for Wage Claimants.

17. Defendants failed to provide Wage Claimants rest breaks or pay Wage Claimants rest break premiums for missed rest breaks. Defendants scheduled Wage Claimants only a single meal break. Defendants never scheduled the required morning and afternoon rest breaks.

18. Defendants also failed to compensate Wage Claimants at the correct rate. Contractors must pay construction employees who provide and maintain their own tools twice the state minimum wage. Plaintiff does not seek compensation, reimbursement or any other payment for tools. Plaintiff seeks the wages Defendants and Custom Drywall should have paid had they paid at the proper rate.

19. Plaintiff notified Defendants and Custom Drywall of their failure to make required wage payments by first class mail on November 12, 2021, pursuant to Labor Code section 218.7(a)(3). Defendants did not cure the violations.

## VI.    FIRST CAUSE OF ACTION

**(FAILURE TO PAY FOR EACH HOUR WORKED AT THE APPROPRIATE RATE)**
**(Labor Code Sections 218.5, 226.2, 226.7, 510, 1182.12, 1194, 1197,**
**Wage Order 16, § 3, 4, 8 and 11)**

20. Plaintiff realleges and incorporates paragraphs 1 through 16 inclusive, as though fully set forth herein.

21. California law requires employees be compensated at no less than the appropriate minimum wage for each and every individual hour worked.

22. Labor Code section 510(a) states an employee must be compensated for "work." Section 510(a) and Wage Order 16, section 3 provide that any work in excess of eight hours in one workday or in excess of forty hours in one workweek shall be compensated at the rate of no

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
431 I Street, Suite 202
Sacramento, California 95814
(916) 443-6600

5
FIRST AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00502-JAM-DB

less than one and one-half times the employee's regular rate of pay, and that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the employee's regular rate of pay.

23. Labor Code section 1182.12 and Wage Order 16, section 4, establish the state minimum wage. Wage Order 16, section 8, establishes that workers required to bring their own tools must be paid twice the state minimum wage. Payment of less than the minimum wage, as fixed by the Industrial Welfare Commission or any applicable state or local law, is unlawful pursuant to Labor Code section 1197.

24. Labor Code section 226.7 and Wage Order 16, section 11, establish that an employer that fails to provide an employee a ten minute rest period for every four hours worked or major fraction thereof shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided.

25. Labor Code section 1194 provides for a private right of action to recover wages for hours worked but not compensated, including interest, reasonable attorney's fees, and cost of suit. Labor Code section 218.5 also provides for reasonable attorney's fees and costs to the prevailing party in actions brought for the nonpayment of wages. In the case of a failure of a subcontractor to pay all wages owed to a wage claimant on private work, Labor Code section 218.7 allows an LMCC to seek such wages from the direct contractor and subcontractor on the wage claimant's behalf.

26. During the statutory period, Defendants failed to pay Wage Claimants all regular compensation due for work performed.

27. During the statutory period, Defendants failed to pay Wage Claimants all overtime compensation due. Wage Claimants have worked more than 8 hours in a day and/or 40 hours in a week without receiving overtime compensation at the rate of one and one-half (1½) times their regular rate in violation of Labor Code sections 226.2, 510, and 1194 and Wage Order 16, sections 3, 4 and 8.

28. During the statutory period, Defendants also failed to provide Wage Claimants rest

breaks or pay Wage Claimants rest break premiums of one hour of pay at the Wage Claimants' regular rate of compensation for each workday that the rest period was not provided in violation of Labor Code section 226.7 and Wage Order 16, section 11.

29. During the statutory period, Defendants also failed to compensate Wage Claimants at the correct rate in violation of Labor Code section 1197 and Wage Order 16, sections 4 and 8. Wage Order 16, section 8, required Defendants to pay Wage Claimants twice the state minimum wage, because Defendants required Wage Claimants to bring their own tools. Defendants failed to compensate Wage Claimants for all hours worked at the appropriate minimum rates in violation of Labor Code sections 510 and 1197 as well as Wage Order 16, sections 3, 4, and 8.

30. WDL, on behalf of Wage Claimants, seeks to recover compensation for time worked but not paid, attorneys' fees and costs under Labor Code sections 218.5, 218.7 and 1194 and Wage Order 16. WDL is an LMCC authorized to seek such compensation pursuant to Labor Code section 218.7(b)(3).

31. WDL also seeks interest on all wages due on behalf of Wage Claimants, pursuant to Labor Code sections 218.6 and 218.7, and reasonable attorneys' fees and costs associated with bringing this action pursuant to Labor Code sections 218.5, 218.7 and 1194.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## VII. PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For an award of wages according to proof under Labor Code sections 510, 1182.12, 1194, 1197 and any other applicable provision;

3. For an accounting to identify, locate, and restore to all current and former Wage Claimants the wages they are due;

4. For interest under Labor Code sections 218.6, 218.7, 1194 and any other applicable provisions;

5. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Labor Code sections 218.5, 218.7, 1194; CCP § 1021.5 and any other applicable provision; and

6. For such other and further relief as this Court deems just and proper.

Dated: April 13, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
MATTHEW J. GAUGER
EZEKIEL D. CARDER
ANDREA MATSUOKA

Attorneys for Plaintiff Workforce Defense League

152948\1260361

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
4311 Street, Suite 202
Sacramento, California 95814
(916) 443-6600

8

FIRST AMENDED COMPLAINT FOR UNPAID WAGES OWED TO WAGE CLAIMANTS
Case No. 2:22-cv-00502-JAM-DB