UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLAYCO, INC. et al.,<br><br>　　　　Defendants. | No. 2:22-cv-00502-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS** |

I.　FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

　　Workforce Defense League ("Plaintiff") is a labor management cooperation committee. First Am. Compl. ("FAC") ¶ 4, ECF No. 9. It brings this action against Clayco, Inc., United Contractor Services, and Custom Drywall & Services, LLC ("Defendants") alleging carpenters employed to work for them at an Amazon Fulfillment Center project in Sacramento were not paid for all hours worked, overtime wages, or premiums for missed rest breaks. See generally id. Plaintiff brings a single claim, on its own behalf and on behalf of the carpenters, under California Labor Code section 218.7, which allows a labor management cooperation committee to bring an action against a direct contractor or

subcontractor for unpaid wages owed to a wage claimant. Defendants now move to dismiss this claim. See Mot. to Dismiss ("Mot."), ECF No. 10.[1]  Plaintiff opposed the motion. See Opp'n, ECF No. 14.  Defendants replied.  See Reply, ECF No. 17.  For the reasons set forth below this motion is granted with leave to amend.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the complaint as not alleging sufficient facts to state a claim for relief. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### B. Analysis

Plaintiff asserts a single claim for unpaid wages on behalf of the carpenters who worked on the Sacramento-based project

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 23, 2022.

1  pursuant to California Labor Code section 218.7, which makes
2  both direct contractors and subcontractors liable for any unpaid
3  wages.  Plaintiff alleges that Defendants failed to pay
4  carpenters on the project overtime pay, failed to provide rest
5  breaks or adequate compensation for those missed, and failed to
6  pay twice the state minimum wage, as required because the
7  carpenters had to supply their own tools.  FAC ¶¶ 27, 28, 29.
8  Defendants contend Plaintiff has not alleged enough facts to
9  state a plausible claim for relief.  Mot. at 5-9.
10     In the context of wage claims, the Ninth Circuit has held
11 that "[a]lthough [. . .] detailed factual allegations regarding
12 the number of overtime hours worked are not required to state a
13 plausible claim, [. . .] conclusory allegations that merely
14 recite the statutory language are [in]adequate."  Landers v.
15 Quality Commc'ns, Inc., 771 F.3d 638, 644 (9th Cir. 2014), as
16 amended, (Jan 26, 2015), cert. denied, 575 U.S. 979 (2015); see
17 also Boyack v. Regis Corp., 812 F. App'x 428 (9th Cir. 2020)
18 (affirming dismissal of California Labor Code claims for unpaid
19 overtime, unpaid minimum wages, and rest break violations for
20 failure to meet the pleading requirements laid out in Landers).
21 A plaintiff "may establish a plausible claim by estimating the
22 length of her average workweek during the applicable period and
23 the average rate at which she was paid, the amount of overtime
24 wages she believes she is owed, or any other facts that will
25 permit the court to find plausibility."  Landers, 771 F.3d at
26 645.  At the very least, plaintiffs "should be able to allege
27 facts demonstrating that there was at least one workweek in
28 which they worked in excess of forty hours and were not paid

overtime wages." Id. at 646.

The Court agrees with Defendants that Plaintiff's claim here falls short. Mot. at 5-8. Plaintiff alleges that during the statutory period Wage Claimants "worked more than 8 hours in a day and/or 40 hours in a week without receiving overtime compensation at the rate of one and one-half (1½) times their regular rate"; "Defendants also failed to provide Wage Claimants rest and meal breaks or pay Wage Claimants rest or meal break premiums of one hour of pay at the Wage Claimants' regular rate of compensation for each workday that a rest or meal period was not provided"; and "Defendants failed to pay Wage Claimants twice the state minimum wage because Defendants required Wage Claimants to bring their own tools." FAC ¶¶ 28-30. While Plaintiff alleges some factual details, such as the length of the average workweek and the hourly rate of pay, see id. ¶¶ 13, 14, missing is any detailed allegation about Defendants' failure to pay overtime. Rather, Plaintiff vaguely asserts that "Defendants typically paid Wage Claimants for some overtime work, but paid it at the incorrect rate and/or did not pay for all overtime hours." Id. ¶ 16. This is insufficient to state a plausible claim for relief. See Morrelli v. Corizon Health, Inc., No. 18-cv-1395-LJO-SAB, 2018 WL 6201950, at *2 (E.D. Cal. Nov. 28, 2018) (dismissing wage and hour claim when complaint failed to allege facts indicating what overtime compensation was not paid). Plaintiff's allegation that "Defendants failed to provide Wage Claimants rest breaks or pay Wage Claimants rest break premiums for missed rest breaks" and "Defendants never scheduled the required morning and afternoon rest breaks" is

4

likewise insufficient.  See Perez v. DNC Parks & Resorts at Sequoia, No. 19-cv-00484-DAD-SAB, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) ("To successfully state a meal or rest break claim, plaintiffs must allege facts specifically identifying an instance where they were deprived of a meal or rest break."). Accordingly, Plaintiff's claim is dismissed without prejudice. See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (explaining leave to amend should be freely given unless there has been undue delay, bad faith, repeated failure to cure deficiencies, it would cause undue prejudice to the opposing counsel or would be futile).[2]  Because the Court finds dismissal warranted on these grounds it does not reach the parties other arguments.  See Mot. at 8-15; Opp'n at 6-15.

### III.  ORDER

For the reasons set forth above, the Court GRANTS WITHOUT PREJUDICE Defendants' motion to dismiss.  If Plaintiff elects to amend its complaint, it should file its Second Amended Complaint within twenty days (20) of this Order.  Defendants' responsive pleadings are due within twenty days (20) thereafter.

IT IS SO ORDERED.

Dated: August 19, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Having decided the motion on these grounds, the Court denies as moot Defendants' and Plaintiff's requests for judicial notice. See Sikhs for Justice "SFJ", Inc. v. Facebook, Inc., 144 F.Supp.3d 1088, 1091 n.1 (denying as moot request for judicial notice when the Court did not rely on the documents).