UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORKFORCE DEFENSE LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>CLAYCO, INC.; and UNITED CONTRACTOR SERVICES, LLC<br><br>Defendants. | No.  2:22-cv-00502-JAM-DB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |

Clayco, Inc and United Contractor Services, LLC ("Defendants") petition the Court to dismiss or, in the alternative, strike portions of Workforce Defense League's ("Plaintiff") Second Amended Complaint ("SAC"). See Mot. to Dismiss ("Mot."), ECF No. 25.  Defendants claim that (1) the SAC fails to allege sufficient facts to support Plaintiff's claim for unpaid wages under California Labor Code § 218.7 and (2) allegations relating to Wage Claimants' ("Claimants") use of their own tools, rest breaks, unpaid overtime, and relief under statutes other than § 218.7 should be stricken as immaterial. Id. at 2-4.  Plaintiff opposes the motion, noting the Court's prior orders relating to this case.  See Opp'n, ECF No. 26, at 1-2.  Defendants replied.  See Reply, ECF No. 27.

For the reasons set forth below, this Court GRANTS in part and DENIES in part Defendants' motion.[1]

### I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

As the facts are already known to the parties, the Court repeats them only as necessary to explain its decision.

Plaintiff is a labor management cooperation committee that has brought this action on behalf of Claimants against Defendants, alleging that Defendants did not pay Claimants for all hours worked, overtime wages, or premiums for missed rest breaks in the construction of an Amazon Fulfillment Center in Sacramento. See generally SAC, ECF No. 20. Plaintiff alleges that Claimants worked on the project with their own tools from January through May 2021; Claimants worked approximately ten hours per day Monday to Friday, eight hours on Saturday, and sometimes on Sundays, totaling approximately fifty-eight hours per week. Id. ¶¶ 13, 16. Plaintiff claims that Claimants were promised an hourly pay rate of $20 to $24 but were not paid fully for either their regular or overtime hours. Id. ¶¶ 14-16. As for rest breaks, Plaintiff alleges that Claimants were never given required breaks and only received a single meal break; Claimants also did not receive monetary premiums for the missed breaks. Id. ¶ 17.

On January 28, 2022, Plaintiff filed its complaint in state court; the case was removed to this Court one month later. See Compl., Exhibit 1 to Notice of Removal, ECF No. 1; Notice of

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 6, 2023.

2

1  Removal, ECF No. 1.  After the parties met and conferred,
2  Plaintiff filed a first amended complaint ("FAC"), to which
3  Defendants filed a motion to dismiss.  See FAC, ECF No. 9, Mot.
4  to Dismiss, ECF No. 10.  On August 22, 2022, the Court issued its
5  order granting Defendants' motion with leave to amend.  See
6  Order, ECF No. 19.  Several weeks later, Plaintiff filed the SAC,
7  to which Defendants filed the instant motion.  See SAC, Mot.
8  Plaintiff opposed the motion.  See Opp'n.  Defendants replied.
9  See Reply.

## II.  OPINION

### A.  Legal Standard

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6), the Court must accept the allegations in the FAC as true and draw all reasonable inferences in favor of Plaintiff.  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The complaint must possess more than "a formulaic recitation of the elements of a cause of action"; it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

In considering a motion to strike, FRCP 12(f) provides in pertinent part that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . Motions to strike are disfavored and infrequently granted.  A motion to strike should not be granted unless it is clear that the matter to be stricken

1  could have no possible bearing on the subject matter of the
2  litigation." Bassett v. Ruggles et al., 2009 WL 2982895 at *24
3  (E.D. Cal. Sept. 14, 2009) (internal citations omitted).

### B. Analysis

Defendants contend that Plaintiff's sole cause of action in the SAC should be dismissed because Plaintiff has failed to satisfy the minimum pleading requirements under Landers v. Quality Communications, Inc., 771 F.3d 638 (9th Cir. 2014). Mot. at 4. Specifically, Defendants claim that Plaintiffs have failed to: (1) identify a single work week in which Claimants were required to work overtime or were not paid for their work; and (2) identify a single instance where Claimants did not receive rest breaks. Id. at 5-8. In the alternative, Defendants argue that Plaintiff's meal and rest break allegations should be stricken because they are beyond the scope of Labor Code § 218.7, which only permits claims for unpaid wages and not the nonprovision of meal and rest breaks. Id. at 8-14. Defendants also request that the Court strike Plaintiff's references to Claimants having to use their own tools on the project as well as Plaintiff's requests for relief under statutes other than § 218.7 because both are immaterial to the underlying claim. Id. 14-15.

#### 1. Overtime Wages

The Court finds Plaintiff has alleged sufficient factual detail to state a claim for unpaid overtime wages. As the Ninth Circuit held in Landers, a plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other

4

facts that will permit the court to find plausibility." 771 F.3d at 645. Plaintiff alleges, from January to May 2021, the average workweek consisted of fifty-eight hours a week and that Claimants were promised pay of $20 to $24 an hour for all hours worked, including overtime hours, which they did not receive. SAC ¶¶ 13-16. This is sufficient to allege a plausible claim for relief for failure to pay overtime. See Landers, 771 F.3d at 645.

        2.    Meal and Rest Break Violations

As for Plaintiff's meal and rest break allegations, the Court finds that Plaintiff has alleged a plausible claim for unpaid wages related to the denial of meal and rest breaks. "To successfully state a meal or rest break claim, [p]laintiffs must allege facts specifically identifying an instance where they were deprived of a meal or rest break" or show that an employer did not schedule breaks at all. Perez v. DNC Parks & Resorts at Sequoia, No. 119CV00484DADSAB, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020); Krauss v. Wal-Mart, Inc., No. 2:19-CV-00838-JAM-DB, 2020 WL 1874072, at *2 (E.D. Cal. Apr. 15, 2020). In this case, Plaintiff alleges that Claimants were never given required rest breaks and only received a single meal break, all of which occurred without receiving premium pay, which the Court finds sufficient to meet the applicable pleading standard. SAC ¶ 17. The California Supreme Court in Naranjo v. Spectrum Security Services Inc. held that "premium pay is fairly understood as falling within the Labor Code's general definition of wages." 509 P.3d 956, 970 (Cal. 2022). Defendants attempt to avoid this result, relying on Kirby v. Immoos Fire Prot., Inc., 274 P.3d 1160 (Cal. 2012). Mot. at 9-11. In Kirby, the California

5

Supreme Court considered whether an action under § 226.7 for violation of meal and rest provisions was an "action brought for the nonpayment of wages" for purposes of fee-shifting under Labor Code § 218.5.  Id. at 1160.  The Court concluded that "a section 226.7 action is brought for the nonprovision of meal and rest periods, not for the 'nonpayment of wages.'"  Id.  But here, unlike the provision at issue in Kirby, § 218.7(b)(3) is not limited to actions for the nonpayment of wages.  Rather § 218.7 allows Plaintiff to bring a claim for any unpaid wages, which as Naranjo makes clear includes premiums for missed meal and rest periods.  Naranjo, 509 P.3d at 970.  Defendants reference to Coleman v. Jenny Craig, Inc., 649 F. App'x 387 (9th Cir. 2016) is immaterial because rest break premiums, the remedy for a § 226.7 violation, are considered unpaid wages.  See Workforce Def. League v. Clayco, Inc., No. 2:22-CV-00503-JAM-DB, 2022 WL 3587553, at *3 (E.D. Cal. Aug. 22, 2022).  Defendants have failed to show that dismissal is warranted as a matter of law and, accordingly, the Court declines to strike Plaintiff's references to the nonprovision of meal and rest breaks.

        3.    Use of Personal Tools

Defendants also claim that Plaintiff's allegations regarding the use of Claimants' own tools in the construction of the project and requests for relief for attorney's fees and costs and interest are immaterial to Plaintiff's wage claim.  Mot. at 14-15.  Labor Code § 218.7(b)(3) provides that a joint labor-management cooperation committee may bring an action against a direct contractor or subcontractor at any tier for unpaid wages owed to a wage claimant by the direct contractor or

subcontractor.  Plaintiff alleges that Wage Order 16, ¶ 8, required Defendants to pay Claimants twice the state minimum wage, because Defendants required Claimants to bring their own tools.  Opp'n at 12-14.  But the section upon which Plaintiff relies is merely an exception to Labor Code § 2802, which requires an employer to pay employees' expenditures or losses incurred in the discharge of their duties.  Cal. Lab. Code § 2802(a).  Wage Order 16, ¶ 8 requires employers to furnish all tools and equipment necessary to perform a job.  It exempts from this general rule employees "whose wages are at least two (2) times the minimum wage."  Cal. Code Regs., tit 8, § 11160, ¶ 8(B).  "In providing for this exception, the Wage Order did not create a new minimum wage or prevailing minimum wage for employees who must furnish their own tools."  Gonzalez v. Nefab Packaging, Inc., No. LA CV13-04499 JAK (SSx), 2013 WL 12321976, at *4 (C.D. Cal. Oct. 30, 2013), aff'd, 637 F. App'x 310 (9th Cir. 2016).  Rather, the remedy for an employee who was improperly required to provide their own tools is to make the employer liable for the cost of the tool or equipment under Labor Code § 2802.  See id.  Accordingly, Plaintiff's allegations regarding the Claimants furnishing their own tools are immaterial to their claim for unpaid wages.  The Court therefore grants Defendants' motion to strike the following allegations:
(1) "Defendants required Wage Claimants to provide their own tools, including screw guns, routers, bazookas, and pumps" from paragraph 13; (2) Paragraph 18 in its entirety; (3) "Wage Order 16, section 8, establishes that workers required to bring their own tools must be paid twice the state minimum wage" from

paragraph 23; and (4) "Wage Order 16, section 8, required Defendants to pay Wage Claimants twice the state minimum wage, because Defendants required Wage Claimants to bring their own tools" from paragraph 29.

### 4. <u>Other Labor Code Sections</u>

The Court also grants Defendants' motion to strike the allegations related to Labor Code §§ 218.5 and 1194. Plaintiff's concede that these sections are immaterial because of § 218.7's scope. Opp'n at 17-18. Specifically, the Court grants Defendants' motion to strike the following allegations: (1) "218.5" and "1194" from paragraph 25; (2) "218.5" and "1194" from paragraph 30; and (3) their related allegations in the prayer for relief.

## III.   ORDER

For the reasons set forth above, this Court GRANTS in part and DENIES in part Defendants' motion to dismiss and/or strike. Defendants' response to the Second Amended Complaint is due within twenty days from the date of this Order.

IT IS SO ORDERED.

Dated: January 24, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE