1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         EASTERN DISTRICT OF CALIFORNIA

7

8    WORKFORCE DEFENSE LEAGUE,              No.  2:22-cv-00502-JAM-DB

9                 Plaintiff,

10        v.                                **ORDER GRANTING DEFENDANTS'**
                                            **MOTION TO STAY**
11   CLAYCO, INC.; and UNITED
     CONTRACTOR SERVICES, LLC,
12
                  Defendants.
13

14        Clayco, Inc. and United Contractor Services, LLC

15   ("Defendants") petition the Court to stay Workforce Defense

16   League's ("Plaintiff") claim pending the completion of the

17   California Labor Commissioner's Bureau of Field Enforcement

18   ("BOFE") investigation of Defendants' alleged conduct underlying

19   the instant case.  See Mot. to Stay ("Mot."), ECF No. 41.

20   Defendants contend that a stay would preserve judicial resources

21   and avoid inconsistent findings between the Court and BOFE.  Id.

22   at 5.  Plaintiff opposes the motion.  See Opp'n, ECF No. 43.

23   Defendants replied.  See Reply, ECF No. 44.

24        For the reasons set forth below, the Court GRANTS

25   Defendants' motion.[1]

26

     ───────────────────
27   [1]This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for July 11, 2023.

                                   1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

As the facts are already known to the parties, the Court repeats them only as necessary to explain its decision.

Plaintiff is a labor management cooperation committee that has brought this suit on behalf of Wage Claimants ("Claimants") against Defendants, alleging that Defendants did not pay Claimants for all hours worked, overtime wages, or premiums for missed rest breaks in the construction of an Amazon Fulfillment Center in Sacramento.  See generally Second Amended Complaint ("SAC"), ECF No. 20.  On January 28, 2022, Plaintiff filed its complaint in state court; the case was removed to this Court one month later.  See Compl., Exhibit 1 to Notice of Removal, ECF No. 1; Notice of Removal, ECF No. 1.  A few weeks later, Plaintiff filed a first amended complaint ("FAC"), to which Defendants filed a motion to dismiss; the Court granted the motion with leave to amend.  See FAC, ECF No. 9, Mot. to Dismiss, ECF No. 10; Order, ECF No. 19.  Several weeks later, Plaintiff filed the SAC, to which Defendants filed a motion to dismiss or, in the alternative, strike portions of the SAC.  See SAC, Mot. to Dismiss, ECF No. 25.  On January 25, 2023, the Court issued an order granting, in part, and denying, in part, Defendants' motion.  See Order, ECF No. 29.  A couple of weeks later, Defendants filed a motion for reconsideration of the Court's order, which the Court denied for lack of newly discovered evidence, clear error, or intervening change in the controlling law.  See Mot. for Reconsideration, ECF No. 31, Order, ECF No. 36.

///

2

1    On September 20, 2022, a couple of weeks after the filing of

2  the SAC, BOFE notified Defendants of its intent to investigate

3  Defendants for potential Labor Code violations related to the

4  Sacramento project.  Mot. at 6.  Defendants are currently

5  cooperating with BOFE's investigation, including requests for

6  relevant documents and information.  Id.  On April 20, 2023,

7  Defendants' counsel alleged that they contacted Plaintiff's

8  counsel requesting a stipulation to stay the matter pending the

9  outcome of BOFE's investigation.  Mot. at 7. Plaintiff's counsel

10 notified Defendants that they would not agree to stay the instant

11 case.  On May 17, 2023, Defendants filed the operative motion to

12 stay.

13

14                    II.  EVIDENTIARY ISSUES

15       A.   Judicial Notice

16       Defendants request the Court take judicial notice of one

17 exhibit: BOFE's 2020-21 Fiscal Year Report to the California

18 Legislature.  See Request for Judicial Notice, ECF No. 42.  The

19 exhibit constitutes a government record and is, therefore, a

20 proper subject for judicial notice.  Anderson v. Holder, 673 F.3d

21 1089, 1094 n. 1 (9th Cir. 2012); Daniels-Hall v. National Educ.

22 Ass'n., 629 F.3d 992, 998 (9th Cir. 2010).

23

24                       III.  OPINION

25       A.   Legal Standard

26       "A district court has broad discretion to stay proceedings

27 as an incident to its power to control its own docket."  Clinton

28 v. Jones, 520 U.S. 681, 706 (1997).  A court must consider

                                3

several factors when deciding whether to exercise that discretion to issue a stay:(1) the "possible damage which might result from granting a stay;" (2) the "hardship or inequity which a party might suffer in being required to go forward;" and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The proponent of a stay bears the burden of showing that these factors, on balance, warrant a stay. Clinton, 520 U.S. at 708. The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay" will damage an interested party. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

B.   Analysis

1.   Landis Factors

a. Possible Damage

The Court finds that Plaintiff has failed to sufficiently allege that it or Claimants will suffer damages if the Court grants a stay. Defendants' claim that the BOFE investigation is specifically assessing whether damages, premiums, or statutory penalties should be set against Defendants for their alleged conduct during the Sacramento project, all of which collectively cover the relief that Plaintiff is seeking in the instant case. Mot. at 8. Even if the stay would result in a delay in Claimants' receipt of their damages, Defendants correctly note that such a delay is not afforded much weight. I.K. ex rel. E.K. v. Sylvan Union Sch. Dist., 681 F. Supp. 2d 1179, 1191 (E.D. Cal.

2010).  Defendants further note that the Sacramento project has been completed so there is no risk of further damages.  Mot. at 9.  Plaintiff does not contest any of Defendants' contentions, so the Court finds that this factor weighs in Defendants' favor.

### b. Hardship or Inequity

Landis states that "if there is even a fair possibility" that a stay will damage a relevant party, the party seeking the stay "must make out a clear case of hardship or inequity" in being required to go forward with the action.  299 U.S. at 255. The Court finds that Plaintiff has failed to put forth any argument that it or Claimants will suffer damage if the Court grants a stay in the instant case.  On the other hand, the Court acknowledges Defendants' contention that denial of a stay would subject Defendants to litigating the allegations of the instant case in two concurrent forums, both in the Court and in the BOFE investigation.  Mot. at 9.  Nevertheless, the Court finds that this factor does not weigh strongly in favor of either party.

### c. Orderly Course of Justice

The Court finds that granting a stay would promote the orderly court of justice.  Defendants claim that the BOFE investigation spans the totality of potential Labor Code violations and that, if any claims remain, the Court can address them at the investigation's conclusion.  Mot. at 9. Plaintiff does not address Defendants' contentions.  The Court agrees with Defendants and finds there is sufficient overlap between the allegations and relief sought in the instant case and the BOFE investigation that "waiting for one to be resolved would work to simplify issues in the other or preserve judicial resources."

5

1   <u>United States v. California</u>, No. 218CV00490JAMKJN, 2018 WL

2   5310675, at *3 (E.D. Cal. Oct. 19, 2018); <u>see also</u> <u>Leyva v.</u>

3   <u>Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th

4   Cir. 1979) (finding that a district court may enter a stay

5   pending resolution of independent judicial, administrative, or

6   arbitration proceedings which bear upon the case and that such

7   proceedings do not need to be "controlling of the action before

8   the court.").

9        2.   <u>Primary Jurisdiction</u>

10       Because the Court finds that a stay is appropriate under

11  <u>Landis</u>, it does not discuss the merits of Defendants' primary

12  jurisdiction doctrine argument.

13

14                      IV.   ORDER

15       For the reasons set forth above, the Court GRANTS

16  Defendants' motion.  The proceedings between Plaintiff and

17  Defendants will be STAYED pending the completion of the

18  California Labor Commissioner's Bureau of Field Enforcement

19  ("BOFE") investigation of Defendants' conduct at the Sacramento

20  Amazon Fulfillment Center. Within ten days after the BOFE

21  investigation is completed the parties shall file a joint status

22  report with this Court.

23       IT IS SO ORDERED.

24  Dated: August 21, 2023

25

26

27  JOHN A. MENDEZ
    SENIOR UNITED STATES DISTRICT JUDGE

28